[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11596
Non-Argument Calendar

_____

D.C. Docket No. 2:13-cr-00210-LSC-TMP-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JULIAN PEARSON BURKE,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 2, 2015)

Before JORDAN, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Julian Burke appeals his 45-month sentence for two counts of wire fraud and one count of interstate transportation of stolen goods. *See* 18 U.S.C. §§ 1343 & 2314. Mr. Burke argues that his sentence is substantively unreasonable because the district court erred when it sentenced him to 12 months above the advisory guideline range based on his past criminal conduct. After reviewing the parties' briefs and the record, we affirm.

## I

Mr. Burke defrauded three women–D.G, S.H., and C.W.–whom he met separately at a Fleming's Restaurant in Birmingham, Alabama, between October of 2010 and May of 2011. He encouraged the three women to invest in different projects, which all shared one common characteristic: they were fictional and fabricated by Mr. Burke. Mr. Burke had the women wire money from their bank accounts to the bank accounts for his businesses, Burke Construction and Computer Converters.

D.G. wired a total of $104,000 to Computer Converters and Burke Construction to loan money to pawn shops and invest in the publication of academic coloring books for children. S.H. wired $40,000 to Burke Construction to invest in the purchase of a pawn shop. C.W. personally hand delivered a check to Mr. Burke for $100,000 to invest in the Admiral Semmes Hotel in Mobile, Alabama. Mr. Burke used the $244,000 for his own personal benefit.

In March of 2013, a federal grand jury indicted Mr. Burke on four counts of wire fraud and one count of transportation of stolen money in interstate commerce. He ultimately pled guilty to two counts of wire fraud and one count of transportation of stolen money in interstate commerce. The government and Mr. Burke agreed that the loss amount attributable to him for sentencing purposes was $264,300. The presentencing investigation report set Mr. Burke's total offense level at 16 and his criminal history category at III, which resulted in an advisory guideline sentencing range of 27 to 33 months of imprisonment.

The report also detailed Mr. Burke's ten prior criminal convictions. Mr. Burke had six criminal convictions in the 1980s. These convictions were for extortion, intimidating a witness, promoting prostitution, reckless driving, impersonating a peace officer, and negotiating a worthless instrument. The 1990s were a bit less active for Mr. Burke, as he was convicted of two crimes: selling game fish and bank fraud. Significantly, Mr. Burke's criminal history score under the Sentencing Guidelines was not increased by any of these eight convictions from the 1980s and 1990s.  In the early 2000s, Mr. Burke was convicted of two counts of theft of property, and these convictions gave him four criminal history points and a criminal history category of III.

The report further listed approximately twenty arrests for criminal conduct of which Mr. Burke was either not prosecuted or not convicted. These arrests,

3

which spanned from the 1970s to the mid-2000s, also did not increase Mr. Burke's criminal history category. Of all the listed prior arrests, charges, and convictions listed in the report, Mr. Burke objected only to the veracity of his 1992 conviction for the sale of game fish.

The report, under "relevant conduct," states that in November of 2012, D.B., another female, contacted the Alabama Securities Commission regarding a $20,000 investment she had made with Mr. Burke. In 2013, the Commission also spoke to other women who claimed to have invested with Mr. Burke: J.P. invested $40,000, J.H. invested $80,000, L.P. invested $60,000, and M.H. invested over $1,000,000. Although his offense level was not increased by the amounts allegedly invested by these women, Mr. Burke objected to the inclusion of this conduct in the report and denied the allegations. At sentencing, the district court sustained Mr. Burke's objection as to the relevant conduct obtained from statements given to the Alabama's Securities Commission.

The government argued that there was "a pattern of Mr. Burke actually preying upon women who were in a vulnerable position." D.G., one of the victims, testified that Mr. Burke "was enjoying a very lavish lifestyle, all while stealing from others to maintain it," and recounted the financial and mental anguish Mr. Burke's lies had and continue to cost her.

4

The district court acknowledged that the advisory guideline range was 27 to 33 months and that neither Mr. Burke nor the government had objected to this range.[1] The district court then recognized that its "job is to sentence the defendant to a sentence which is sufficient but not more than necessary to accomplish the sentencing goals set forth in the federal statutes," but stated that "[t]he advisory guideline range is just that[, advisory]. . . [i]t's not binding."  The district court considered Mr. Burke's "past, prior convictions that start in the 80s" and stated it was "abundantly clear . . . that the guideline range is not sufficient." The district court ordered that Mr. Burke serve 45 months in prison for Counts 1, 4, and 5, "all separate but to run concurrently." It stated that, when considering "the nature and circumstances of the offense and the history and characteristic of the defendant," such a sentence was appropriate. Although Mr. Burke had a gambling issue, he also had, the district court found, "a thieving issue." "He has been stealing and being a con man for a long time. And times have come to –that time has come to an end today."

## II

Mr. Burke on appeal argues that his sentence was substantively unreasonable, because it was greater than necessary to serve the statutory

---

[1] Wire fraud carries a maximum sentence of twenty years, *see* 18 U.S.C. § 1343, and the transportation of stolen goods in interstate commerce carries a maximum sentence of ten years, *see* 18 U.S.C. § 2314. Mr. Burke's total sentence was less than four years.

sentencing factors set forth in 18 U.S.C. § 3553(a). According to Mr. Burke, the district court did not make any additional findings that justified a 12-month upward variance. Mr. Burke concedes that the district court cited his past criminal acts as the reason for the variance, but he contends that his prior criminal conduct had already been addressed by the guidelines. Therefore, the district court abused its discretion, when it used his prior criminal conduct to vary upward.

We review a sentence imposed by a district court under a "deferential abuse-of-discretion standard." *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). The district court must impose a sentence "sufficient but not greater than necessary to comply with the purposes" listed in § 3553(a)(2). *See United States v. Irey*, 612 F.3d 1160, 1196-97 (11th Cir. 2010) (en banc). These include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *Id.* at 1198.

Importantly, the weight given to any § 3553(a) factor "is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). We will reverse only if the district court committed a clear error in weighing the § 3553(a) factors "by arriving at a sentence that lies outside the range of reasonable[ness]." *Id.* We cannot reverse a district court's sentence,

under this standard, simply because we would have imposed a different sentence. *Irey*, 612 F.3d at 1191. The party challenging the sentence has the burden of demonstrating that the sentence is unreasonable in light of the record and the factors outlined in 18 U.S.C. § 3553(a). *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The sentencing guidelines are advisory. *Gall*, 552 U.S. at 46; *United States v. Williams*, 435 F.3d 1350, 1354 n.2 (11th Cir. 2006). "[A] sentence outside the Guidelines carries no presumption of unreasonableness." *Irizarry v. United States*, 553 U.S. 708, 714 (2008) (internal citation omitted). District courts are required to provide sufficient justifications to explain why any unusually harsh sentence is appropriate, *Gall*, 552 U.S. at 46, but we must give due deference to the district court's determination that "the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 51.

After reviewing the record, we conclude that there is no abuse of discretion. The district court considered and weighed the § 3553(a) factors and sufficiently explained its reason for imposing a sentence above the advisory guideline range. The district court, noting Mr. Burke's long criminal resume of cons and thieving, "the nature and circumstances of offense," and his characteristics, concluded that the guideline range was insufficient to accomplish § 3553(a)'s sentencing goals, particularly reflecting the seriousness of the offense and deterring Mr. Burke's

7

behavior from continuing. Although the district court acknowledged Mr. Burke had a gambling problem, it also found he had a "thieving problem."

Mr. Burke argues that the district court's analysis gave undue weight to his past criminal activity, which mostly occurred decades ago. He emphasizes the fact that, despite his past crimes, he has "had no criminal conviction in the last ten years," and suggests the district court failed to consider the fact that most of his crimes were in the distant past. While that is relevant, it is also perhaps just as relevant that Mr. Burke had been incarcerated and on parole for almost the entirety of those ten years. And although the district court undoubtedly gave greater weight to Mr. Burke's criminal past than other § 3553(a) factors, we cannot substitute our views for those of the district court. *See Clay*, 483 F.3d at 743. The district court's analysis did not constitute clear error and was not substantively unreasonable.

## III

We affirm Mr. Burke's sentence.


**AFFIRMED.**